United States District Court
Southern District of Texas
FILED

MAR 23 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE IGNACIO MONTERRUBIO | § | |
| | § | |
| VS. | § | MISC. DOCKET # B-00-018 |
| | § | |
| THE STATE OF TEXAS | § | B-01-112 |

MISCELLANEOUS

## MOTION FOR APPOINTMENT OF COUNSEL

Mr. Warner, Counsel for Jose Ignacio Monterrubio, moves the United States District Court for the Southern District of Texas, Brownsville Division, to appoint counsel for Jose Ignacio Monterrubio to file an application for Writ of Habeas Corpus pursuant to § 28 USC 2254.  He would show the Court:

I.

Jose Ignacio Monterrubio was indicted, tried, and convicted in a State Court for Capital Murder and sentenced to death.  The style and number in the trial court was State v. Monterrubio, 138th District Court, Cameron County, Texas, Cause No. 93-CR-1756-B.

II.

Jose Ignacio Monterrubio had an automatic appeal to the Court of Criminal Appeals of the State of Texas.  The Court of Criminal Appeals affirmed the judgment of conviction and the sentence of death.  The number of the case in the Court of Criminal Appeals was # 72,078.  The Court of Criminal Appeals affirmed the conviction and sentence.

Page -1-

III.

The Court of Criminal Appeals appointed Mr. Warner to represent Jose Ignacio Monterrubio on a State Collateral Attack by way of an Application for Writ of Habeas Corpus Pursuant to Article Tex. Code Crim. P. 11.071, Returnable to the Court of Criminal Appeals of Texas.  The number of the case in the Court of Criminal Appeals of Texas was Writ # 44, 170-01.

IV.

On March 8, 2000, the Court of Criminal Appeals denied applicant relief on the State Collateral Attack upon the judgment.

V.

The Anti-terrorism and Effective Death Penalty Act limits the remedy available under § 28 USC 2254.  A Motion to Vacate the Sentence pursuant to § 28 USC 2254 must be filed within a brief time after the State Collateral proceedings are terminated.  A state statute requires the State Writ Counsel, in this case Mr. Warner, to file a Motion with the United States District Court within fifteen days of the termination of the State proceedings. In this case the State proceedings terminated on March 8, 2000. Accordingly, Mr. Warner files this Motion requesting that the United States District Court appoint counsel to seek Habeas Corpus pursuant to §28 USC 2254.

CONCLUSION AND REQUEST FOR RELIEF

The United States District Court for the Southern District of

Page -2-

Texas Brownsville Division the division where the state trial took

place, should appoint counsel to seek relief for Jose Ignacio

Monterrubio in the Courts of the United States.

Respectfully Submitted,

Larry Warner
Attorney at Law
777 E. Harrison Street
Brownsville, Texas  78520
(210)542-4784 FAX (210)544-5234
State Bar # 20871500
State Writ Counsel for J.I. Monterrubio

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JOSE IGNACIO MONTERRUBIO** | § | |
| | § | |
| **VS.** | § | **MISC. DOCKET #_____** |
| | § | |
| **THE STATE OF TEXAS** | § | |

CERTIFICATE OF SERVICE

I certify that I mailed a true and correct copy of **MOTION FOR APPOINTMENT OF COUNSEL and Order** granting **MOTION FOR APPOINTMENT OF COUNSEL** on the above referenced case to which this certificate is attached by U.S. Postal service to:

ATTORNEY GENERAL FOR THE STATE OF TEXAS
JOHN CORNYN
P.O. BOX 12548
CAPITAL STATION
AUSTIN, TEXAS  78711-2548

this 23rd day March, 2000.

Larry Warner

Page -5-

FOCUS - 1 OF 1 SECTION

UNITED STATES CODE SERVICE
Copyright 2000, LEXIS Law Publishing, a division of Reed Elsevier Inc.
All rights reserved.

*** THIS SECTION IS CURRENT THROUGH 106-174, APPROVED 2/25/00 ***

TITLE 21. FOOD AND DRUGS
CHAPTER 13. DRUG ABUSE PREVENTION AND CONTROL
OFFENSES AND PENALTIES

21 USCS @ 848  (2000)

@ 848.  Continuing criminal enterprise

... sought or imposed.  If a person is convicted for an offense under subsection (e) and the court does not impose the penalty of death, the court may impose a sentence of life imprisonment without the possibility of parole.

( q)  Appeal in capital cases; counsel for financially unable defendants.
   (1) In any case in which the sentence of death is imposed under this section, the sentence of death shall be subject to review by the court of ...

 (B) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).
   (5) If the appointment is made before judgment, at least one attorney so appointed must have been admitted to practice in the court in which the prosecution is to be tried for not less than five years, and must have had not less than three years experience in the actual trial of felony prosecutions in that court.
   (6) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not

21 USCS @ 848                          LEXSTAT
                          FOCUS
less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.
   (7) With respect to paragraphs (5) and (6), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and

complex nature of the litigation.

(8) Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

(9) Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses

21 USCS @ 848                    LEXSTAT

FOCUS

therefor under paragraph (10). No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review.

(B) Fees and expenses paid for investigative, expert, and other reasonably necessary services authorized under paragraph (9) shall not exceed $ 7,500 in any case, unless payment in excess of that limit is certified by the court, or by the United States magistrate judge, if the services were rendered in connection with the case disposed of entirely before such magistrate judge, as necessary to provide fair compensation for services of an unusual character or

21 USCS @ 848                    LEXSTAT

FOCUS

duration, and the amount of the excess payment is approved by the chief judge of the circuit. The chief judge of the circuit may delegate such approval authority to an active circuit judge.

(C) The amounts paid under this paragraph for services in any case shall be disclosed to the public, after the disposition of the petition.

ClibPDF - www.fastio.com