3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **JOSE IGNACIO MONTERRUBIO** | X | |
| **Petitioner** | X | |
| | X | **MISC NO. B-00-018** |
| | X | |
| **GARY JOHNSON, Respondent** | X | |
| **Director Texas Department of** | X | |
| **Criminal Justice Institutional Division** | X | |

### PETITIONER'S MOTION TO TOLL RUNNING
### OF STATUTE OF LIMITATIONS

Comes now the Petitioner, Jose Ignacio Monterrubio to file this Motion to Toll Further

Running of the Statute of Limitations:

I.

Mr. Monterrubio is a death sentenced inmate who was convicted in Cameron County,

Texas of the offense of capital murder. His conviction was affirmed by the Texas Court of

Criminal Appeals which also denied his application for writ of habeas corpus.

Mr. Monterrubio was represented in his state habeas corpus by Larry Warner of

Brownsville, Texas. After Mr. Monterrubio's state writ application was denied, Mr. Warner filed

a motion with this Court asking that counsel be appointed to represent Mr. Monterrubio; Mr.

Warner was unwilling to continue his representation of Mr. Monterrubio into federal court. He

asked this Court to appoint other counsel. That motion was filed in March of 2000. Both the

undersigned counsel were appointed by this Court on December 22, 2000. By counsel's

calculations, the statute of limitations set forth in 28 U.S.C. Section 2244(d) for filing the

Section 2254 Writ of Habeas Corpus will expire on January 25, 2001, less than thirty days from

the filing of this Motion and thirty one days after this Court's appointment.

CHJPDF - www.fxolo.com

II.

## CERTIFICATE OF CONFERENCE

Counsel attempted to confer with opposing counsel, David Duncan of the Texas State Attorney General's Office, Capital Litigation Unit and was informed by the person answering the telephone that "everyone is out of the office until January 2, 2001."

III.

As noted, Mr. Warner filed a motion for appointment of counsel with this Court in March of 2000. After that filing, the motion was not ruled upon until December 22, 2000, a time period of almost nine months.

As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), the statute of limitations on a federal habeas petition is one year from the completion of direct review of a prisoner's conviction, 28 U.S.C. § 2244(d)(1); or the date on which the impediment to filing an application created by State action in violation of the Constitution is removed, 28 U.S.C. §2244(d)(2).

Mr. Monterrubio argues that the extraordinary circumstances of this case warrant equitable tolling of the time between the motion for appointment of counsel filed by Mr. Warner and the appointment of by this Court. The position Mr. Monterrubio finds himself in is no fault of his own, but the result of inadvertence.

It is by now well accepted in this Circuit that the limitations period set out in §2244 is not jurisdictional and is subject to equitable tolling in "rare and exceptional circumstances," when "strict application of the statute of limitations would be inequitable." **Davis v. Johnson**,

158 F.3d 806, 807, 810-811 (5ᵗʰ Cir. 1998) (citations omitted).[1]  A "'garden variety claim of excusable neglect does not support equitable tolling'" which "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." **Coleman v. Johnson**, 184 F.3d 398 (5th Cir. 1999) (citations omitted).  Each case must be examined on its own individual facts. **Fisher v. Johnson**, 174 F.3d 710, 713 (5ᵗʰ Cir. 1999).

This is not a garden variety claim of excusable neglect.  The facts and procedural history of this case are exceptional, and do not present an ordinary claim of excusable neglect.  Mr. Monterrubio is entitled to the relief requested.

At the time of these proceedings, TEX. CODE CRIM. PROC. Art. 11.071 §2(g) explicitly required that

> [A]n attorney appointed under this section to represent the applicant shall, not later than the 15ᵗʰ day after the date the court of criminal appeals denied relief . . . move to be appointed as counsel in federal habeas review . . . or . . . move for the appointment of other counsel under 21 U.S.C. §848(q) or equivalent provision.[2]

Mr. Warner complied with this statute and Mr. Monterrubio was entitled to rely on Mr. Warner's efforts. While a pro se petitioner's "unfamiliarity with the legal process" or his "lack of representation" will not entitle him to equitable tolling, see **Turner v. Johnson**, 177 F.3d 390, 392 (5ᵗʰ Cir. 1999), these are not the facts presented here.  Where, as in **Turner**, an inmate represents himself, he must be held to be familiar with the applicable law – otherwise, the

---

[1] *See also Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), cert. denied, 139 L. Ed. 2d 884, 118 S. Ct. 899 (1998).

[2] After the 1999 revisions to the Texas statute, this same requirement is now reflected in TEX. CODE CRIM. PROC. Art. 11.071 §2(e).

CHAPDF – www.texoa.com

numerous pro se applicants who seek relief in the federal courts would all be entitled to tolling orders. In contrast, Mr. Monterrubio was represented by counsel that was required, by state law, to move for appointment in the federal courts within 15 days of denial by the state courts. Given the state law guarantee, Mr. Monterrubio was entitled to rely on Mr. Warner's efforts and that this Court would move timely on his motion for appointment of counsel. Mr. Monterrubio cannot be held, like Turner, to the same level of accountability. Nor can he be expected to protect his own rights when he has been assured by State law and his counsel that his rights have been protected. In these circumstances, Mr. Monterrubio should not bear the drastic consequences of inadvertent error by this Court's staff.

Mr. Monterrubio has done nothing to contribute to the untenable position in which he now finds himself. This is not a case where Mr. Monterrubio "failed to exercise due diligence in preserving his legal rights." **Irwin v. Department of Veterans Affairs**, 498 U.S. 89, 96 (1990), or where he has "sle[pt] on his rights." **Covey v. Arkansas River Co.**, 865 F.2d 660, 662 (5th Cir. 1989).[3] Nor is it a case where the habeas Petitioner has engaged in dilatory tactics by manipulating or dismissing appointed counsel. **Cantu-Tzin v. Johnson**, 162 F.3d 295, 297 (5th Cir 1998). Mr. Monterrubio's hands are clean.

Indeed, in light of the particular combination of events and circumstances presented, the strict application of the limitations period contained in 28 U.S.C. 2244(d)(1) (if that section were deemed to apply) to Mr. Monterrubio's case would raise serious questions about the constitutionality of the limitation period as applied. Cf. **Triestman v. United States**, 124 F.3d 361, 373-380 (2d. Cir. 1997); **Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998), cert. denied

---

3. "We look to our non-AEDPA cases for further elucidation of when to toll." *Fisher*, 174 F.3d at 713 (5th Cir. 1999).

525 U.S. 891 (1998).

"A system or procedure that deprives persons of their claims in a random manner. . .

necessarily present an unjustifiably high risk that meritorious claims will be terminated." **Logan**

**v. Zimmerman Bruch Co.**, 455 U.S. 422, 434-435 (1982) (holding that state violated due

process when it deprived wrongful discharge claimant of forum owing to state agency's

unexplained failure to convene hearing within statutory deadline.")

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case,
> equitable tolling does not lend itself to bright-line rules, but we draw on general
> principles to guide when equitable tolling is appropriate. We must be cautious not to
> apply the statute of limitations too harshly. 'Dismissal of a first habeas petition is a
> particularly serious matter, for that dismissal denies the petitioner the protections of the
> Great Writ entirely, risking injury to an important interest in human liberty."

**Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999), citing **Lonchar v. Thomas**, 517 U.S. 314,

324 (1996). "At bottom, this court is not disposed to apply mechanically the limitations period

when review is so glaringly warranted. Such a result would belie the meaning of 'equitable

tolling.'" **Helton v. Singletary**, 1999 U.S. Dist. LEXIS 20349 (S.D. Fla. 1999) (applying

Eleventh Circuit's "extraordinary circumstances" language to find that equitable tolling of

AEDPA one-year limitation period warranted where petitioner relied on (mis)advice of state

collateral counsel regarding the time period for filing, and facts presented in petition were

particularly compelling.).

An equitable tolling order will not delay the litigation of the case  but will only ensure

that Mr. Monterrubio has a chance to have his claims presented and heard by this Court. Thus,

the exercise of this Court's discretion through the entry of the tolling order requested would

"help[] safeguard habeas while still fulfilling Congress's express desire to accelerate the

process." **Fisher v. Johnson**, 174 F.3d 710, 713 (1999). See also **Loeber v. Bay Tankers,**

**Inc.**, 924 F.2d 1340, 1343 (5ᵗʰ Cir. 1991) (tolling warranted where it does not defeat purpose of encouraging diligence and injustice to plaintiff would otherwise result).[4]

It is impossible for the undersigned counsel to have a 2254 writ of habeas corpus completed by January 25, 2001. Mr. Charlton must have the following actions completed by the noted dates:

1. Edward Rowton, death penalty appellate brief due to be filed by January 10, 2001;

2. Marcus Dykstra, state appellate brief due to be filed by January 10, 2001.

3. Gerald Casey, Certificate of Appealability to be filed in the Fifth Circuit Court of Appeals by January 10, 2001;

4. Jaime Guerrero, Petition for Writ of Certiorari due to be filed in the Supreme Court by January 14, 2001;

5. Guy Steven Alexander, death penalty state writ of habeas corpus to be filed by January 15, 2001;

6. William Robinson, death penalty state writ of habeas corpus to be filed by January 19, 2001;

7. Craig Ogan, Certificate of Appealability to be filed in the Fifth Circuit by January 21, 2001;

8. Wendell Broussard, Certificate of Appealability to be filed in the Fifth Circuit by

---

[4] The relief requested is authorized. Federal courts, as part of their inherent power to control their dockets have the discretion to formulate appropriate remedies which will ensure that the running of statutes of limitations will not extinguish a litigant's federal claims. *See, e.g., Spina v. Aaron*, 821 F.2d 1126, 1129 (5ᵗʰ Cir. 1987). *See also* Magistrate Judge's Report and Recommendation in the matter of *Colella v. Johnson*, Civ. Action No. B-98-121, United States District Court for the Southern District of Texas, Brownsville Div. Feb 29, 2000. (dismissing federal habeas petition without prejudice and equitably tolling federal habeas limitations period), attached hereto as App. 104-111.

January 25, 2001.

9. Toby Montano v. Gary Johnson, reply to summary judgment motion due in January, 2001.

Further, Ms. Vásquez, while having significant experience in state death penalty litigation, has less experience in federal habeas corpus litigation. She also has the following projects that must be completed in January:

1. Trial set in State v. Felicia Gillins, 56th District Court, January 2, 2001.

2. State v. Trina Sanders, 10th District Court, pretrial conference January 12, 2001; Trial set January 22, 2001.

3. Mediation, Holder v. Holder, January 25, 2001.

4. Status conferences January 5, 2001 in the 10th District Court regarding State v. Ortiz, State v. West; State v. Forteson, State v. Cooper and State v. Perez.

5. Contested motion to revoke in State v. Enemencio Martinez, 10th District Court, January 18, 2001.

In order to file a competent writ of habeas corpus, counsel must track down and read the entire court trial record, a process that usually takes at least a week if not more to complete. Counsel must also identify the issues raised on direct appeal and in state habeas in order to be able to ascertain the scope of federal litigation, as well as meet with Mr. Monterrubio to inform him of the events and what is likely to occur and to meet with Mr. Monterrubio's family, a process only Ms. Vásquez can accomplish because of Mr. Charlton's limited ability to speak Spanish. [5]

─────────────────────

[5]. Some members of Mr. Monterrubio's family speak only Spanish.

The difficulty and complexity of habeas corpus law and procedure are widely recognized. See **McFarland v. Scott**, 114 S.Ct. 2568, 2571-72 (1994). In order to adequately represent Mr. Monterrubio and to protect his rights, counsel requests that this Court enter an order tolling the further running of the statute of limitations until a point nine months after the entry of the order appointing counsel, the time period counsel would have had to prepare and file the application for writ of habeas corpus had Mr. Monterrubio's Application for Appointment of Counsel not been inadvertently mislaid. Alternatively, Counsel requests that the time period of filing this writ of habeas corpus be extended to at least June 1, 2001.

Respectfully submitted,

Michael B. Charlton
1744 Norfolk
Houston, Texas 77098
(713) 572 2333
State Bar of Texas 04144800
COUNSEL FOR JOSE IGNACIO
MONTERRUBIO

Elisa Vásquez
613 19th Street
Galveston, Texas 77550
(409) 763-2131
Fax (409) 763-4104
State Bar of Texas 20502100
COUNSEL FOR JOSE IGNACIO
MONTERRUBIO

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion was served on the David Duncan of

the Texas Attorney General's Office, P.O. Box 12548, Austin, Texas 78711 by the appropriate

means.

Respectfully,

Michael B. Charlton