

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE IGNACIO MONTERRUBIO | X | |
| Petitioner | X | |
| | X | MISC NO. B-00-018 |
| | X | |
| GARY JOHNSON, Respondent | X | B-01-112 |
| Director Texas Department of | X | |
| Criminal Justice Institutional Division | X | |

### SKELETAL WRIT OF HABEAS CORPUS

Comes now the Petitioner, Jose Monterrubio to file the following skeletal writ of habeas corpus:

I.

This Skeletal Writ of Habeas Corpus is not intended to serve as the basis for litigation in this Court; it is intended only to stop further running of the statute of limitations and for that limited purpose is unopposed by opposing counsel. The undersigned counsel has conferred with opposing counsel, Tina Dettmer and she in unopposed to this procedure, so long as all of the claims to be ultimately litigated are at least set forth in this petition in some fashion. The undersigned counsel reserves the right to raise and develop new issues, especially given the difficulty in obtaining the complete appellate record but understands that the Respondent will object to those claims.

II.

Mr. Monterrubio is a death sentenced inmate convicted in the 138th District Court of Cameron Count, Texas, Robert Garza presiding. His conviction was affirmed by the Texas Court of Criminal Appeals on September 11, 1996.

III.

Mr. Monterrubio was denied the effective assistance of counsel during his trial by his counsel's failure to lodge virtually any objection to the state's case. The prosecution was able to establish significant elements of its case based on hearsay testimony, much of it from the victim before her death. Defense counsel, Alfredo Padilla., also failed to object to the most egregious example of hearsay in the record, the introduction of the confession of the codefendant, Sixto Monterrubio. The use of that confession by the state also violated the Petitioner's Sixth Amendment right to confront and cross examine the witnesses against him, an objection also not lodged by Mr.Padilla. That error, alone, was harmful to Mr. Monterrubio because Sixto's confession provided the only evidence to corroborate Petitioner's confession on the issue of sexual assault. As noted in the Court of Criminal Appeals opinion, the state was required to corroborate Petitioner's his confession on the corpus delicti of the offense of capital murder. In the case at bar, the state was unable to corroborate the element of sexual assault, except with the confession of Sixto Monterrubio. Had counsel properly objected, the state would have been unable to adequately corroborate on the issue of corpus delicti and Petitioner would have been entitled to an acquittal or at the most, to a conviction for murder.

Further, Mr. Padilla failed to object to the jury composition in the case. Texas law requires the county where the trial is located to assemble a special venire from which the jury panel is to be selected. In the instant case, rather than insisting on a special venire, the jury panel in the instant case had already been the subject of voir dire in other cases.

Further, Mr. Padilla failed to object to extensive victim impact testimony that was admitted at the guilt innocence stage of the trial, through the testimony of the victim's father. Mr. Padilla also failed to object to evidence of the victim's good character which was also admitted at

the guilt innocence phase.

Mr. Padilla also failed to both investigate and present any substantial evidence at the punishment phase of the trial.

Mr. Padilla failed to investigate and present evidence that would have allowed a challenge to the admission of Mr. Monterrubio's confession.

IV.

The evidence was legally insufficient to sustain the affirmative answer to the issue of whether Mr. Monterrubion constituted a threat of future dangerousness.

V.

Mr. Monterrubtio was also deprived of the effective assistance of counsel on appeal. Appellate counsel raised only four issues on appeal, one of which the Court of Criminal Appeals refused to address because the issue was inadequately briefed. Further, appellate counsel failed to raise numerous issues which would have merited appellate consideration. Had counsel properly briefed those issues and raised others, Petitioner would have obtained a new trial.

VI.

Mr. Monterrubio's confession was taken in violation of the Fifth Amendment rights against self incrimination. Mr. Monterrubio was in custody at the time of the offense and he invoked his right to counsel.

VII.

Mr. Padilla was appointed to represent Petitioner less than two months prior to trial, though Petitioner had had previous counsel. This short period of time to prepare for a trial deprived Petitioner of the effective assistance of counsel.

VII.

The state suppressed exculpatory evidence. Of the two defendants, Sixto Monterrubio was tried first. After his conviction, he repudiated his confession. That repudiation was never made available to Mr. Padilla and subsequently was not utilized when Mr. Monterrubio was tried. Further, Mr. Padilla made no effort to ascertain this repudiation on his own thus, depriving Mr. Monterrubio of the effective assistance of counsel.

Respectfully submitted,

_____
Michael B. Charlton
1744 Norfolk
Houston, Texas 77098
(713) 572 2333
State Bar of Texas 04144800
COUNSEL FOR JOSE IGNACIO
MONTERRUBIO

_____
Elisa Vásquez
613 19th Street
Galveston, Texas 77550
(409) 763-2131
Fax (409) 763-4104
State Bar of Texas 20502100
COUNSEL FOR JOSE IGNACIO
MONTERRUBIO

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion was served on Tina Dettmer of the Texas Attorney General's Office, P.O. Box 12548, Austin, Texas 78711 by both fax delivery and mail delivery on May 31, 2001.

Respectfully,

Michael B. Charlton