IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
AUG 2 1 2001
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE IGNACIO MONTERRUBIO | X | |
| Petitioner | X | |
| | X | CAUSE NO. B-01-112 |
| GARY JOHNSON, Respondent | X | |
| Director Texas Department of | X | |
| Criminal Justice Institutional Division | X | |

## MOTION TO ABATE THE PROCEEDINGS

Comes now the Petitioner, Jose Ignacio Monterrubio to ask this Court to abate the instant case for the reasons set forth below:

I.

Mr. Monterrubio is a death sentenced inmate whose petition for writ of habeas corpus is currently pending before this Court. He has filed a petition for writ of habeas corpus setting forth several claims that have not been exhausted.

## CERTIFICATE OF CONSULTATION

Counsel has conferred with opposing counsel, Tina Dittmer of the Texas State Attorney General's Office and she is opposed to the relief sought by this motion.

**PETITIONER IS NOT ASKING THIS COURT TO DISMISS THIS PETITION UNDER RULE 41**, unless this Court also enters a finding that the statute of limitations will be tolled from the date of the dismissal or denial of the initial state habeas petition to the date Mr. Monterrubio seeks leave of the Texas courts to file a successor state petition. At the time counsel was appointed, the statute of limitations, set forth in 28 U.S.C. Section 2244(d), had already or was about to run. Were the Court to dismiss this case without prejudice, and without allowing for the tolling of limitations, the time spent in federal court would not toll the statute of

limitations; Mr. Monterrubio would forever be barred from returning to federal court. See **Duncan v. Walker**, ___ U.S. ___ ( cause no. 00-121- handed down on June 18, 2001).

There are however, equitable remedies that this Court may employ to permit exhaustion. As Justice Stevens noted in his concurring opinion in **Walker**, "in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies."

> Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, See 28 U.S.C. Section 2254(b)(2) (1994 ed. Supp. V) and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

See also concurring opinion, J. Souter, "nothing bars a district court from retaining jurisdiction pending complete exhaustion of state remedies, and that a claim for equitable tolling could present a serious issue on facts different from those before us." 121 S.Ct. At 2129[1]

Currently pending before the Texas Court of Criminal Appeals are two cases: **Ex parte Graves** and **Ex parte Etheridge**. In both cases, the death row habeas petitioners were represented by the same inexperienced state habeas counsel. In both cases, the Court is attempting to decide whether the failure of the Court to satisfy the state statutory requirement of competent habeas counsel mandates a new and fresh attempt at state habeas corpus.

The Court of Criminal Appeals will decide , in **Graves** whether:

---

[1]. Other courts in Texas have been presented with similar motions and one court has granted a motion to abate where the state habeas counsel failed to timely file a state petition for writ of habeas corpus within the time limits imposed by state statute. See Hank Skinner v. Gary Johnson, Order of Magistrate Clinton Averette, cause no. 2:99-CVG-0045, attached to this Motion. The Petitioner sought relief there because the State of Texas had amended its state habeas procedure to provide for a successor habeas petition where the original state habeas petition had not been timely filed under Art. 11.071, V.A.C.C.P.

> Petitioner was deprived of due process of law and the effective assistance of counsel during the State habeas proceedings, under the Fourteenth Amendment to the United States Constitution, and the Sixth Amendment, as well as Article 1, Section 10, Texas Constitution, *inter alia*, in that his habeas counsel failed to make a proper habeas corpus investigation that would have discovered the facts as alleged in these subsequent habeas petitions. See <u>Washington v. Strickland</u>, 466 U.S. 668. <u>Kyles vs. Whitley</u> 115 S. Ct. 569.

Amendment and Supplement to Second Subsequent Petition for a Writ of Habeas Corpus, *Graves*, 40,812-03; Order, *Graves*, 40,812-03 (October 4, 2000).

Essential to the argument in both **Graves** and **Etheridge** is that the second applications for writ of habeas corpus filed there are not subsequent writs, within the meaning of Section 5, Art. 11.071 because the petitioners were denied competent counsel in the first writ application. Article 11.071 establishes the procedures for state habeas writs in capital cases. *See* Article 11.071 § 1. As argued more fully below, the article *mandates* competent counsel for the applicant, providing that "[a]n applicant *shall be* represented by competent counsel." Article 11.071 § 2(a). The provision of competent counsel is a crucial component of Article 11.071, and in fact the applicant's ability to properly utilize the procedures in other sections of the Article are impacted directly by Section 2's guarantee. For example, the appointment of incompetent counsel severely impedes the applicant's ability to investigate the factual and legal grounds for relief, *see* Article 11.071 § 3, to timely file a proper application, *see id.* § 4, or to secure a hearing when warranted, *see id.* § 9.

In the case at bar, Mr. Monterrubio's claims could only be raised on direct appeal and in state habeas corpus and in both instances, his claims ineffectually presented. His direct appeal was filed only after the Court of Criminal Appeals threatened to hold appellate counsel in contempt of court for failure to file an appellate brief. The brief that was filed was only thirteen pages long. State habeas counsel filed a writ of habeas corpus that was only three pages long and

presented no factual allegations that would support a claim for relief.[2] Further, there were obvious claims for relief that should have presented at either stage and could have been easily presented. As alleged in the amended petition, the prosecution entered into evidence, over proper objection, the confession of the codefendant, Sixto Monterrubio, in order to establish the corpus delicit of the offense of capital murder, in an obvious violation of the Sixth Amendment right to cross examination. This claim was never raised at any time in the state proceedings.

Mr. Monterrubio seeks one of the following alternative remedies:

A. Dismissal but only with a finding that, because of ineffective state habeas counsel, the statute of limitations is tolled pending exhaustion of the claims;

B. If the Court determines that there presently exists no adequate remedy at state law that would allow for exhaustion, that the current federal habeas corpus petition be held in limbo pending the decision of the Texas Court of Criminal Appeals in **Graves** and **Etheridge** to determine whether Texas courts will permit a successor state habeas petition under such circumstances.

### A.

### Abatement

As noted above, abatement is a possibility that would allow this Court to retain jurisdiction over the case, allow for exhaustion of remedies, and allow Mr. Monterrubio to return to federal court with no fear of a limitations bar. See **Duncan v. Walker,** supra. It is entirely possible, however, that a Texas Court will not recognize an abatement that would allow Mr.

---

[2]. For example, state habeas counsel merely alleged that Mr. Monterrubio had been denied effective assistance of counsel and alleged no factual allegaitons

Monterrubio to proceed with a possible successor state habeas petition. See **May v. Collins**, 948 F.2d 162, 169 (5th Cir. 1991); **Carter v. Estelle**, 677 F.2d 427, 435-36 (5th Cir. 1982). Texas courts have a dual forum rule that prohibits a state court from considering an action if that action is pending in federal court. See **Ex parte McNeil**, 588 S.W.2d 592, 592-93 (Tex. Crim. App. 1979); **Ex parte Green**, 548 S.W.2d 914, 916 (Tex. Crim. App. 1977)(the habeas petitioner simultaneously filed an appeal from the order of the District Court dismissing case for lack of exhaustion and filed the state writ of habeas corpus. State petition dismissed under dual forum rule). Whether this rule applies to actions abated in federal court has yet to be decided. If it were to apply to Mr. Monterrubio's case, however, it would not permit exhaustion.

Because the dual forum rule would not permit exhaustion of remedies were this Court to retain jurisdiction, dismissal would be appropriate *only if* this Court were to find that his state counsel's ineffectiveness were sufficient to equitably toll the statute of limitations. It is by now well accepted in this Circuit that the limitations period set out in §2244 is not jurisdictional and is subject to equitable tolling in "rare and exceptional circumstances," when "strict application of the statute of limitations would be inequitable." **Davis v. Johnson**, 158 F.3d 806, 807, 810-811 (5th Cir. 1998) (citations omitted).[3] A "'garden variety claim of excusable neglect does not support equitable tolling'" which "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." **Coleman v. Johnson**, 184 F.3d 398, 1999 U.S. App. LEXIS 18466 at *11 (5th Cir. 1999) (citations omitted). Each case must be examined on its own individual facts. **Fisher v. Johnson**,

---

[3] *See also Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), cert. denied, 139 L. Ed. 2d 884, 118 S. Ct. 899 (1998).

174 F.3d 710, 713 (5th Cir. 1999).

Capital inmates seeking to pursue post-conviction relief in the state courts are entitled to the appointment of "competent counsel." *See* TEX. CODE CRIM. PROC. Art. 11.071 Sec. 2(d). The difficulty and complexity of habeas corpus law and procedure are widely recognized. *See* **McFarland v. Scott**, 114 S.Ct. 2568, 2571-72 (1994).[4]

"A system or procedure that deprives persons of their claims in a random manner . . . necessarily present an unjustifiably high risk that meritorious claims will be terminated. **Logan v. Zimmerman Bruch Co.**, 455 U.S. 422, 434-435 (1982) (holding that state violated due process when it deprived wrongful discharge claimant or forum owing to state agency's unexplained failure to convene hearing within statutory deadline.")

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate. We must be cautious not to apply the statute of limitations too harshly. 'Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty."

**Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999), citing **Lonchar v. Thomas**, 517 U.S. 314, 324 (1996). "At bottom, this court is not disposed to apply mechanically the limitations period when review is so glaringly warranted. Such a result would belie the meaning of 'equitable tolling.'" **Helton v. Singletary**, 1999 U.S. Dist. LEXIS 20349 (S.D. Fla. 1999) (applying Eleventh Circuit's "extraordinary circumstances" language to find that equitable tolling of AEDPA one-year limitation period warranted where petitioner relied on (mis)advice of state collateral counsel

---

[4] In the federal system, this recognition resulted in the standards for appointed counsel set out in 21 U.S.C. §848(q)(9), and guidelines which encourage the appointment of two attorneys in all federal capital habeas corpus appeals. *See, Guide to Judiciary Policies and Procedures: Representation in Federal Capital Cases and in Death Penalty Federal Habeas Corpus Proceedings, Chapter VI, Appointment of Counsel in Capital Cases* §6.01(A).

regarding the time period for filing, and facts presented in petition were particularly compelling.).

An equitable tolling order will not delay the litigation of the case but will only ensure that Mr. Monterrubio has a chance to have his claims presented by competent counsel and heard by this Court. Thus, the exercise of this Court's discretion through the entry of the tolling order requested would "help[] safeguard habeas while still fulfilling Congress's express desire to accelerate the process." **Fisher v. Johnson**, 174 F.3d 710, 713 (1999). See **also Loeber v. Bay Tankers, Inc.**, 924 F.2d 1340, 1343 (5th Cir. 1991) (tolling warranted where it does not defeat purpose of encouraging diligence and injustice to plaintiff would otherwise result).

Mr. Monterrubio has few claims to present in federal court because of his lawyer's ineffective state habeas presentation. As noted above, there are any number of claims that, had they been presented, would have entitled Mr. Monterrubio to a new trial. Some District Courts in Texas have tolled the statute of limitations based on an argument of ineffective state habeas counsel, not, as here, based on an incompetent habeas corpus representation, but based on failure to timely notify the District Court that the inmate required the appointment of counsel. See **Kenneth Bruce v. Gary Johnson**, cause no. 1:00CV 286 (Eastern District of Texas, J. Heartfield); **Joe Lee Guy v. Gary Johnson**, (5:00-CV-027-C Northern District of Texas, J. Cummings). Both courts recognized that a federal habeas corpus petitioner was entitled to effective state habeas counsel, at least to the extent that the Texas statute required an attorney to

---

[5] The relief requested is authorized. Federal courts, as part of their inherent power to control their dockets have the discretion to formulate appropriate remedies which will ensure that the running of statutes of limitations will not extinguish a litigant's federal claims See, e.g., *Spina v. Aaron*, 821 F.2d 1126, 1129 (5th Cir. 1987). See also Magistrate Judge's Report and Recommendation in the matter of *Colella v. Johnson*, Civ. Action No. B-98-121, United States District Court for the Southern District of Texas, Brownsville Div. Feb 29, 2000. (dismissing federal habeas petition without prejudice and equitably tolling federal habeas limitations period), attached hereto as App. 104-111. See also **Duncan v. Walker** supra.

notify the federal court of a needed appointment.

The same rationale should apply here as well. Mr. Monterrubio was entitled by Texas state law to competent state habeas counsel; instead he received representation that was far below what would have been expected of minimally competent habeas counsel. Claims were ignored that went to the heart of the prosecution's ability to secure a conviction. For example, the prosecution's use of the confession of the codefendant, Sixto Monterrubio, was the only evidence that established the corpus delicti of the offense of capital murder; the Court of Criminal Appeals so wrote in their opinion affirming Mr. Jose Monterrubio's conviction. Absent that evidence, Mr. Monterrubio would never have faced the death penalty; the most serious punishment he could have faced was a life sentence for first degree murder. The prosecution, absent that evidence, would never have been able to prove that Mr. Monterrubio committed the underlying offense of aggravated sexual assault. No clearer violation of the Sixth Amendment was likely to be found. See e.g. **Grey v Maryland** 523 U.S. 185 (1998); **Lilly v. Virginia**, ___ U.S. ___, (cause no. 98-5881, handed down on June 10, 1999).

This issue has nothing to do with whether ineffective state habeas counsel constitutes cause and prejudice for a procedural default. That issue has been resolved in **Coleman v Thompson**, 501 U.S. 722 (1991). The only issue here is whether such negligent representation by state habeas counsel would result in a random application of the limitations period that would cut off habeas review that is glaringly warranted. Mr. Monterrubio contends that it does and that this Court should dismiss his state habeas petition with an order tolling the statute of limitations set forth in Section 2244 from the date his initial state habeas petition was denied to the date he seeks leave of the Texas courts to file a successor state habeas corpus petition.

Respectfully submitted,


Michael B. Charlton
1744 Norfolk
Houston, Texas 77098
(713) 572 2333
(713) 572 2483 (fax)
State Bar of Texas 04144800
COUNSEL FOR JOSE IGNACIO MONTERRUBIO


_____
Elisa Vasquez
613 19th Street
Galveston, Texas 77550
(409) 763 2131
(409) 763 4104
State Bar of Texas 20502100
COUNSEL FOR JOSE IGNACIO MONTERRUBIO

## CERTIFICATE OF SERVICE

This is to certify that a copy of this Motion to Dismiss was served on opposing counsel, Tina Dettmer, of the Texas State Attorney General's Office, P.O. Box 12548, Austin, Texas 78711 by mailing a copy of same on August 16, 2001.


Michael B. Charlton

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE IGNACIO MONTERRUBIO | X |
| Petitioner | X |
| | X   CAUSE NO. B-01-112 |
| GARY JOHNSON, Respondent | X |
| Director Texas Department of | X |
| Criminal Justice Institutional Division | X |

## ORDER

On this the ____ day of _____, 2001 came on before me counsel for the Petitioner, Jose Ignacio Monterrubio on his Motion to Dismiss. It is the opinion of the Court that the same should be granted.

It is therefore ordered that the Motion to Dismiss be granted. The Court further orders that the statute of limitations set forth in 28 USC Section 2244 be tolled from March 8, 2000, the date Mr. Monterrubio's state petition for writ of habeas corpus was denied to this date, the date of dismissal. This tolling order is necessary because of the incompetently prepared writ of habeas corpus. State habeas counsel ignored claims that, on their face, appear to be meritorious, that would have been presented by a competent habeas counsel, and should have been presented to the Texas Court of Criminal Appeals. These claims, because of the failure to raise them in state court, have not been exhausted. Dismissal is appropriate for exhaustion purposes.

_____
FELIZ RECIO
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION