United States District Court
Southern District of Texas
FILED

SEP 2 1 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE IGNACIO MONTERRUBIO | § | |
| Petitioner, | § | |
| | § | |
| v. | § | MISC. NO. B-00-018 |
| | § | B-01-112 |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION,[1] | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S RESPONSE TO
PETITIONER'S MOTION TO ABATE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent Gary L. Johnson, Director of the Institutional Division of the Texas Department of Criminal Justice ("the Director"), by and through the Attorney General of Texas, and Files this his **Response to Petitioner's Motion to Abate**. In support thereof, the Director would respectfully show the Court the following:

## I.

## BACKGROUND

The Director has lawful custody of Monterrubio pursuant to a judgment and sentence of the 107th District Court of Cameron County, Texas. Monterrubio was convicted of capital murder and sentenced to death for killing Carla Villarreal. The Texas Court of Criminal Appeals affirmed his conviction and sentence on September 11, 1996. *Monterrubio v. State*, No. 72, 028 (Tex.Crim.App. 1996). Monterrubio's state application for federal habeas corpus was denied by the Court of Criminal Appeals on March 8, 2000. *Ex Parte*

---

[1] The previous named respondent in this action was Gary L. Johnson. On August 1, 2001, Janie Cockrell succeeded Johnson as Director of the Texas Department of Criminal Justice, Institutional Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

*Monterrubio*, No. 44,170-01 (Tex.Crim.App. 2000). He subsequently filed a skeletal petitioner for writ of habeas corpus on June 1, 2001, and then later amended his petition on July 3, 2001. *Monterrubio v. Johnson*, Misc No. B-00-018(S.D. Tex.).

## II.
## RESPONSE

Monterrubio urges this Court to equitably toll the statute of limitations, thus allowing him dismiss the instant petition and exhaust his claims in state court without being time barred from returning to federal court. Alternatively, he seeks to abate the instant habeas proceeding pending the Texas Court of Criminal Appeals' disposition of *Ex Parte Graves*. Neither remedy is appropriate in the instant case. Accordingly, the Director requests that this motion be denied.

Monterrubio first seeks a remedy from this Court that would allow him to return to state court to exhaust his currently unexhausted, and thus procedurally barred, claims. Monterrubio acknowledges that Texas' abstention doctrine would likely frustrate any attempt to hold this proceeding in abeyance while asserting a successive writ in state court. He further recognizes that, were he to dismiss the instant petition to return to state court, any claims asserted in a future federal habeas petition would be time barred.[2] Therefore, he asks this Court to consider equitably tolling the statute of limitations period, allowing him to dismiss his petition without entirely abandoning his federal appeals.

Although the Fifth Circuit has held that the one year statute of limitations is subject to equitable tolling, such tolling is authorized only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "Equitable tolling applies principally

---

[2] Pursuant to this Court's order on January 4, 2001, the statutory limitation expired on June 1, 2001, the day upon which Monterrubio filed his skeletal petition for federal habeas corpus relief.

where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564 (2000), quoting *Rashidi v. American President Lines*, 96 F.3d 124, 127-28 (5th Cir. 1996).

Monterrubio argues that state habeas counsel's inadequate representation provides the "rare and exceptional" circumstance necessary to warrant equitable tolling of the limitations period in the instant case. Specifically, he contends because counsel's failure to properly raise certain claims during his state habeas proceeding resulted in those claims being procedurally barred in federal court, equitable tolling is necessary to prevent a "random application of the limitations period" that would preclude merited habeas review.

However, no compelling equities exist to justify tolling where petitioner could have properly filed his claims "with even a modicum of due diligence." *Rashidi*, 96 F.3d at 127-128; *see also Coleman*, 184 F.3d at 402 (holding that for equitable tolling to apply, the petitioner must diligently pursue habeas corpus relief under § 2254). Here, due diligence by Monterrubio in his efforts to pursue exhaustion in state court would have abrogated his need for equitable tolling.

Pursuant to 28 U.S.C. § 2244(d)(2), the one year limitations period is tolled when a properly filed application for state post-conviction relief is pending. The *Graves* issue, which Monterrubio argues provides a possible means for exhaustion of otherwise procedurally barred claims, has been pending before the Texas Court of Criminal Appeals for at least at least as long as Monterrubio has had the benefit of appointed counsel. *See Ex Parte Graves*, No. 73,927 (Tex.Crim.App. filed July 31, 2000). Therefore, at any time prior to the expiration of the limitations period, Monterrubio could have dismissed the instant federal habeas action and filed his successive petition in state court without jeopardizing the

3

future of his federal appeals. Monterrubio ignored a more plausible and suitable avenue to return to state court and, in doing so, created the very dilemma from which he seeks relief. Equitable tolling should not be granted under such circumstances.

Alternatively, Monterrubio urges this court to abate the instant proceeding pending the Court of Criminal Appeal's disposition of *Ex Parte Graves* in order to determine whether the Texas court will permit successive state habeas application's where counsel was ineffective during those proceedings. *Ex Parte Graves* is a successive state application for habeas corpus relief by a capital defendant asking the Court of Criminal Appeals to decide whether article 11.071 § 2 of the Texas Code of Criminal Procedure entitles an applicant to effective assistance of state habeas counsel.[3] Although not specifically stated, Monterrubio suggests that a favorable decision in *Graves* would effect the analysis and disposition of the procedural bar defense asserted by the Director concerning those claims in his federal petition have not been exhausted. In the event that Court of Criminal Appeals decides that Texas must abide by its statutory promise of competent counsel during state habeas actions, the Court would likely lift the bar on successive applications by capital defendants, where counsel was incompetent during the initial habeas proceeding. Thus, unexhausted claims would no longer be procedurally barred because there would be an open avenue for state habeas relief.

However, holding this proceeding in abeyance pending the Texas court's decision in *Graves* will not necessarily solve the procedural difficulties faced by Monterrubio. Even assuming that *Graves* is disposed of in a manner favorable to Monterrubio, he must still contend with the problems created by the Texas habeas abstention doctrine and the

---

[3] Article 11.071 § 2 provides in relevant part that, "an applicant shall be represented by competent counsel unless the applicant has elected to proceed *pro se*..." TEX.CODE CRIM.PROC. art. 11.071 § 2(a).

4

AEDPA's statute of limitations. As noted previously, dismissing his federal petition to exhaust would result in his being time-barred under the AEDPA's statute of limitations from later returning to federal court. Further, Texas' habeas abstention doctrine would arguably prevent him from pursuing relief and exhausting his claims in state court while his federal petition was still pending.[4]

Importantly, it should be noted the ability of Monterrubio to exhaust his currently unexhausted claims will not effect the disposition of those claims in federal court. 28 U.S.C. § 2254(b)(2) provides that "an application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the court of the State." As discussed fully in the Director's answer and motion for summary judgment, each of Monterrubio's four claim are entirely without merit. Furthermore, there is nothing to prevent Monterrubio from returning to state court, following the adjudication of his federal habeas action, to seek relief on those claims barred here in federal court, assuming that *Graves* is disposed favorably for Monterrubio.

For the foregoing reason, the Director urges this Court to deny Monterrubio's motion to abate the proceedings.

---

[4] The Fifth Circuit has recognized that abeyance poses a particular problem in Texas cases because of Texas' "rule of habeas abstention." *Rodriguez v. Holmes*, 963 F.2d 799, 804 (5th Cir. 1992); *Jackson v. Johnson*, 950 F.2d 263, 266 (5th Cir. 1992). Under the Texas abstention doctrine, state court are fobidden from considering a habeas petition while a similar petition is "pending" in federal court. *See Ex Parte Green*, 548 S.W.2d 914, 916 (Tex.Crim.App. 1972); *Ex Parte Neil*, 588 S.W.2d 592, 593 (Tex.Crim.App. 1978). In *Jackson*, the Fifth Circuit stated,
> As a result of this rule, which appears to continue to be valid law in Texas, a federal district court might hold a case in abeyance to avoid the passage of the limitations period, and instruct the litigant to return to Texas state court to exhaust state remedies, only to have the litigant find that he cannot proceed in state court because of the federal case held in abeyance.

*Jackson*, 950 F.2d at 266.

## III.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Monterrubio's motion to abate be denied.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Capital Litigation Division

*/s/ Tina J. Dettmer*

TINA J. DETTMER
Assistant Attorney General
State Bar No. 24026139
Office of the Attorney General
Capital Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1600
Telecopier: (512) 320-8132

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, TINA J. DETTMER, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Response to Petitioner's Motion to Abate has been served by placing same in the United States mail, postage prepaid, on this the 20th day of September 2001, addressed to counsel for Petitioner as follows:

Michael Charlton
1744 Norfolk
Houston, Texas 77098

Elisa Vasquez
613 19th Street
Galveston, Texas 77550

_____
TINA J. DETTMER
Assistant Attorney General

7

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *JOSE IGNACIO MONTERRUBIO* | § | |
| Petitioner, | § | |
| | § | |
| *v.* | § | MISC. NO. B-00-018 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**ORDER DENYING MOTION TO ABATE**

CAME ON TO BE CONSIDERED Petitioner Monterrubio's Motion to Abate, and this court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is ORDERED that Petitioner Monterrubio's Motion to Abate is denied.

SIGNED on this the _____ day of _____, 2001.

_____
JUDGE PRESIDING