United States District Court
Southern District of Texas
FILED

OCT 3 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE IGNACIO MONTERRUBIO | X | |
| | X | CAB-01-112 |
| V | X | CAUSE NO. ~~MISC NO. B-00-018~~ |
| | X | |
| JANIE COCKRELL, Director | X | |
| Texas Department of Criminal Justice | | |
| Institutional Division | | |

## MR. MONTERRUBIO'S REPLY TO THE RESPONSE ON HIS MOTION TO ABATE

Mr. Monterrubio wishes to enter the following response to Ms. Cockrell's Response to the Motion to Abate.

I.

Mr. Monterrubio is a death sentence inmate who has filed a motion to dismiss the federal habeas petition, without prejudice, to allow for exhaustion of remedies, if the Court enters an order tolling the limitations period. The arguments have been set forth and Mr. Monterrubio wishes only to add some additional comments.

II.

If this Court allow a dismissal for exhaustion, , it must do so in a manner that would allow Mr. Monterrubio the opportunity to return to federal court. At the time the undersigned counsel was appointed, the statute of limitations had expired and this Court entered an order finding sufficient circumstances to justify the application of equitable tolling. Were this court to dismiss without prejudice, Mr. Monterrubio would be forever barred from returning to federal court. .

There are however, equitable remedies that this Court may employ to permit exhaustion. As Justice Stevens noted in his concurring opinion in **Walker**, "in our post-AEDPA world there is

no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies."

> Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, See 28 U.S.C. Section 2254(b)(2) (1994 ed. Supp. V) and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

See also concurring opinion, J. Souter, "nothing bars a district court from retaining jurisdiction pending complete exhaustion of state remedies, and that a claim for equitable tolling could present a serious issue on facts different from those before us." 121 S.Ct. At 2129.[1]

Retaining jurisdiction, however, is impossible in Texas. Texas courts will not recognize a petition for writ of habeas corpus even if the cause is abated so long as the federal court retains jurisdiction. See **Ex parte Skinner**, unpublished opinion, cause no. 20,203-4, handed down on October 10, 2001. This Court, to utilized the broad equitable powers outlined in **Duncan**, must enter an order allowing for equitable tolling until the date of the dismissal.

Thus, a remand order must allow for equitable tolling in order to permit Mr. Monterrubio the opportunity to return to federal court.

Ms. Cockrell makes much of the fact that counsel could have filed his successor state habeas, urging the application of **Ex parte Graves** and **Ex parte Etheridge** before filing in this Court. This argument, overlooks, however, an extremely important fact. At the time counsel was

---

[1]. Other courts in Texas have been presented with similar motions and one court has granted a motion to abate where the state habeas counsel failed to timely file a state petition for writ of habeas corpus within the time limits imposed by state statute. See Hank Skinner v. Gary Johnson, Order of Magistrate Clinton Averette, cause no. 2:99-CVG-0045, attached to this Motion. The Petitioner sought relief there because the State of Texas had amended its state habeas procedure to provide for a successor habeas petition where the original state habeas petition had not been timely filed under Art. 11.071, V.A.C.C.P.

appointed, as noted above, the statute of limitations had expired. This Court had to enter an order tolling the statute of limitations in order to allow Mr. Monterrubio to have any opportunity for federal habeas at all. Had counsel been timely appointed, none of these problems would be presented. Ms. Cockrell is right; counsel could have filed the successor state habeas and urged relief. That avenue, however, was foreclosed because of the over six month delay in appointing counsel.

      For these reasons and the reasons set forth in the original Motion to Abate, Mr. Monterrubio respectfully requests that he be allowed to return to state court with the appropriate tolling order to allow return to this Court.

ClibPDF - www.fastio.com

Respectfully submitted,


Michael B. Charlton
1744 Norfolk
Houston, Texas 77098
(713) 572 2333
(713) 572 2483 (fax)
State Bar of Texas 04144800
COUNSEL FOR JOSE IGNACIO MONTERRUBIO


_____
Elisa Vasquez
613 19th Street
Galveston, Texas 77550
(409) 763 2131
(409) 763 4104
State Bar of Texas 20502100
COUNSEL FOR JOSE IGNACIO MONTERRUBIO

## CERTIFICATE OF SERVICE

This is to certify that a copy of this Reply was served on opposing counsel, Tina Dettmer, of the Texas State Attorney General's Office, P.O. Box 12548, Austin, Texas 78711 by mailing a copy of same on October 29, 2001


Michael B. Charlton