IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE IGNACIO MONTERRUBIO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. B-01-112 |
| | § | |
| JANIE COCKRELL, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Institutional Division | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Jose Ignacio Monterrubio ("Petitioner"), a prisoner sentenced to death, filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry No. 12). On March 14, 2002, United States Magistrate Judge Felix Recio entered a report and recommendation advising that Petitioner's federal petition should be denied. (Docket Entry No. 28). The report and recommendation found that procedural law barred all but one of Petitioner's claims.

On March 21, 2002, Petitioner filed an objection to the report and recommendation. (Docket Entry No. 29). Petitioner now contends that recent Texas case law provides an effective forum for the presentation of his procedurally-barred claims. Pointing to the Texas Court of Criminal Appeal's recent decision in *Ex parte Kerr*, 64 S.W.3d 414 (Tex. Crim. App. 2002), Petitioner argues that Texas would consider a subsequent state application to be the first meaningful attack on his conviction and sentence.

The Court of Criminal Appeals has not yet clarified the breadth of its ruling in *Kerr*. Generally, a successive habeas application would be barred by the Article 11.071 § 5 of the Texas Code of Criminal Procedure. Petitioner, however, makes a reasonable argument that *Kerr* would

allow for the filing of a subsequent state application under the facts of this case. "[B]ecause it is not entirely clear that Texas' subsequent-application bar would prohibit consideration of [the unexhausted claims], Texas courts should make that determination." *Wilder v. Cockrell*, 274 F.3d 255, 262-63 (5th Cir. 2002). As some question exists as to the availability of state remedies, the interest of justice suggests that "the State should be allowed to make the procedural bar, *vel non*, determination." *Id* at 262.[1]

This Court's decision to allow Petitioner's return to state court, however, may affect his ability to renew his claims in federal court should state review prove unfruitful. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a one-year period in which a petitioner must file his federal action. *See* 28 U.S.C. § 2254(d)(1). Any properly filed state habeas application tolls this limitations period. *See* 28 U.S.C. § 2254(d)(2). In *Duncan v. Walker*, 533 U.S. 167 (2001), the Supreme Court held that the limitations period is not tolled during the pendency of a federal habeas petition. As the instant petition has been pending in this Court for some time, Petitioner's ability to file for federal relief in the future may be barred by the limitations period. Recognizing this difficulty, Petitioner asks this Court to dismiss his claims without prejudice, but with a promise of equitable tolling of the limitations period.

Petitioner originally asked this Court to hold the proceedings in abeyance while he sought state habeas relief. (Docket Entry No. 15). His objections to the report and recommendation, however, recognize that abeyance "is impossible in Texas" due to the state habeas abstention doctrine. The report and recommendation correctly acknowledged that Texas courts will not

---

[1] The Court reaches this conclusion without rendering an opinion on the scope of the *Kerr* decision. Rather, Texas should be allowed to determine whether that case allows for the filing of a subsequent application in the circumstances before the Court.

recognize a habeas application while the federal courts retain jurisdiction. Abeyance would be improper in this case. The motion to abate is denied.

The AEDPA's limitation period does not serve as a jurisdictional bar and may be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 809 n.4 (5th Cir. 1998), *cert. denied*, 526 U.S. 107 (1999). This Court is mindful not to administer the limitations period too harshly. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

It would be manifestly inequitable for this Court to force a petitioner to forfeit his opportunity to federal review in order to exhaust his claims in state court. The confluence of the time Petitioner's motion for appointment of counsel was pending, the time needed to resolve the procedural issues, Petitioner's efforts to abate the proceedings, the extensive litigation, and the conflict between a harsh application of the limitations period and the overriding concern for comity embedded in the AEDPA suggest the need for equitable relief if Petitioner returns to federal court.

Equitable principles dictate that the Court apply its inherent power to prevent an unjust application of the limitations period. Should Petitioner's efforts in state court prove unsuccessful, and should Respondent seek to bar Petitioner's federal review, equitable principles would require a tolling of the limitations period, so long as Petitioner *diligently* pursues relief in state court and *expeditiously* returns to this forum.[2]

---

[2] The Supreme Court has held that equitable tolling applies when a "court has led the plaintiff to believe that she had done everything required of her . . . ." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984). On that basis, the Fifth Circuit has held that a petitioner's reliance on a court's assurance that a later petition would not be time barred is an appropriate basis for equitable tolling. *See United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000). This Court's decision to dismiss this claim with the promise of equitable tolling should Petitioner's efforts prove unsuccessful is supported by all but one of the courts that have considered the issue. *See Duncan*, 533 U.S. at 184 (suggesting that equitable tolling should allow the
(continued...)

In conclusion, this Court declines to adopt the report and recommendation after a *de novo* review of the entire file. The Court **DISMISSES WITHOUT PREJUDICE** the pending petition for writ of habeas corpus. If Petitioner promptly returns to federal court after his successive attempt for state habeas relief, the Court will accept his petition as if timely filed under the equitable-tolling doctrine.

SIGNED at Brownsville, Texas, on this 30 day of May, 2002.

Hilda G. Tagle
United States District Judge

---

[2] (...continued)
presentation of a federal petition after dismissal for exhaustion) (Stevens, J., concurring); *Shaw v. Cockrell*, __ F. Supp.2d __, 2001 WL 1442221, at * 3 (N.D. Tex. Nov. 13, 2001); *Jimenez v. Walker*, 166 F. Supp.2d 765, 772 (E.D. N.Y. 2001); *Neverson v. Bissonnette*, 261 F.3d 120, 127 (1st Cir. 2001) (remanding to the district court for the consideration of equitable tolling); *Corbin v. Straub*, 156 F. Supp.2d 833, 837-38 (E.D. Mich. 2001); *but see Fail v. Hubbard*, 272 F.3d 1133, 1135-36 (9th Cir. 2001) (denying equitable tolling during the "routine delay in the district court"). Justice Stevens' endorsement of equitable tolling in the *Duncan* concurrence, along with the decisions of other federal courts, suggests that the proper course in this case is to dismiss this case without prejudice while assuring the availability of a federal avenue for relief.